UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THERESA NUNEZ on behalf of minor son Z.O.,

           Plaintiff,

   -v-

THE CITY OF NEW YORK,
BRANDON QUILES,
JEHAD MAHMUD,
JOSHUA ESPANA,
MALACHI B. MCKENITH,
JOHN DOES 1-2,

           Defendants.
-----------------------------------------------------------x

**COMPLAINT**

**Jury Trial**

    The Plaintiff THERESA NUNEZ on behalf of minor son Z.O. (hereinafter "Plaintiff"), by Robert Blossner, Esq. and Vik Pawar, Esq., of Vik Pawar Law, PLLC, his attorneys complaining of the defendants respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff is a resident of the City and State of New York, County of Bronx.

2. Defendant City of New York ("CITY") is a Municipal Corporation.

3. That at all times herein mentioned, the individual Defendants and JOHN DOE # 1-2 whose names are currently unknown to the Plaintiff were/are employees of the Defendant City. They are referred to as "individual defendants."

## THE FACTS

**Incident 1 – May 7, 2022**

4. Z.O. was in the vicinity of his home in the 40th precinct.

5. On this date, defendants Quiles, Mahmud and Espana from the 40th precinct grabbed Z.O. without any probable cause or warrant and threw him into their car.

6. The aforementioned defendants then attempted to lock Z.O. into Crossroads but were unable to do so.

7. The defendants then took Z.O. into Central Booking and had him processed as if he was a criminal and not a minor whose parent should have been notified.

8. After Central Booking, Z.O. was taken to Court.

9. After over 24 hours in custody, Z.O. was released.

**Incident 2 – August 28, 2023**

10. On this date, Z.O. was outside a restaurant hanging out with his friends.

11. At approximately, defendant McKenith and two other male detectives got out of an unmarked car and approached Z.O.

12. The three detectives then started to frisk Z.O.

13. When Z.O. protested their actions, they started to beat him up with their hands, fists, legs and their police equipment.

14. Z.O. was seriously injured.

15. He was taken to the 40th precinct and held for 24 hours and released without any charges.

**AS AND FOR THE FIRST CAUSE OF ACTION**
(*Monell*)

16. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

17. The individual defendants lack appropriate training and supervision and discipline despite prior disciplinary actions taken against them.

18. Defendants are not adequately trained when dealing with a minor.

19. Defendants did not inform Z.O.'s guardian about these incidents.

20. Even though defendants are required to prepare a stop and frisk report, they failed to do so and lack of proper monitoring allows defendants to get away with these practices.

21. As a result of these practices, plaintiff was injured.

## AS AND FOR THE SECOND CAUSE OF ACTION
(False Arrest/Unlawful Seizure)

22. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

23. Defendants arrested plaintiff without probable cause.

24. Even if probable cause existed, defendants ignored evidence that showed plaintiff had not committed a crime.

25. Defendants exercised poor judgment when they ignored exculpatory evidence and still arrested plaintiff and charged him with serious crimes.

26. As a result of defendants' conduct plaintiff was falsely arrested.

## AS AND FOR THE THIRD CAUSE OF ACTION
(Malicious Prosecution)

27. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

28. Defendants arrested plaintiff and forwarded papers to the DA's office which contained false and serious criminal charges against plaintiff.

29. Even if probable cause existed for plaintiff's arrest, there was no probable cause for the maliciously transmitting false and inaccurate information to the DA's office.

30. Defendants failed to retract the falsified paperwork which led the DA's office to continue and pursue the charges against plaintiff.

31. Eventually the false charges against plaintiff were dismissed in his favor.

32. As a result of defendants' falsified paperwork, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

33. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

34. The individual Defendants made false claims to the prosecuting and detention authorities as to plaintiff which caused Plaintiff to be arrested, detained and prosecuted.

35. The defendants hid evidence from the DA's office.

36. The defendants failed to inform the DA about the witnesses who said that plaintiff had not done anything wrong.

37. Essentially defendants fabricated evidence and hid evidence that exonerated plaintiff to deny him the right to a fair trial.

38. As a result plaintiff suffered injuries.

### AS AND FOR THE FIFTH CAUSE OF ACTION
(Excessive Force)

39. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

40. The defendants used excessive force against Z.O.

41. Z.O. was not resisting.

42. Yet, defendants punched, kicked and stomped on Z.O. resulting in serious injuries.

43. As a result of the defendants' conduct, Z.O. suffered and continues to suffer from permanent physical and emotional injuries.

### AS AND FOR THE SIXTH CAUSE OF ACTION
(Failure to Intervene)

44. Plaintiff repeats and realleges the foregoing paragraphs as if full set forth herein.

45. The individual defendants were present during the entire interaction between the

individual defendants and plaintiff.

46. The individual defendants witnessed the constitutional violations that the other defendants engaged in against plaintiff as identified in the foregoing causes of action.

47. The individual defendants had the time, means and the opportunity to step in to stop further violations of plaintiff's civil rights.

48. Despite being able to, individual defendants simply stood there as another officer engaged in unlawful and unconstitutional conduct.

49. As a result of individual defendants inactions, and failure to intervene, plaintiff suffered harm.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) for constitutional and state law injuries as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
May 20, 2024

Vik Pawar, Esq.
20 Vesey Street, Suite 1410
New York, New York 10007
(212) 571-0805
By: *[signature]*
Vik Pawar